# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF VIRGINIA
## ABINGDON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| | ) |
| **vs.** | )   CASE NO:  1:22-CR-00011 |
| | ) |
| **ZACHARY RYAN HUTTON,** | ) |
| **Defendant.** | ) |

### SENTENCING MEMORANDUM

**COMES NOW** the defendant, Zachary Ryan Hutton, by counsel, and respectfully submits the following Sentencing Memorandum, stating as follows:

On March 30, 2022, Mr. Hutton pled guilty to a one-count Information alleging Possess with Intent to Distribute 400 Grams or more of a mixture containing a detectable amount of Fentanyl, in violation of 21 U.S.C. § 841(b)(1)(A and 21 U.S.C. § 841(a)(1). The offense carries a statutory minimum sentence of imprisonment of 10 years.  Mr. Hutton meets the safety valve criteria as set forth in 18 U.S.C. § 3553(f)(1)-(5) and, accordingly, the Court may sentence him to a sentence below the statutory minimum.

The Court, in attempting to determine the appropriate sentence in this matter, is guided by the factors enumerated in 18 U.S.C. § 3553(a)(2) and must impose a sentence no greater than that sufficient to reflect the serious of the offense, promote respect for the law, provide just punishment for the offense; afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant and provide the defendant with education, vocational training, medical care or other correctional treatment in the most effective manner.  U.S. v. Gall, 128 S.Ct. 586 (2007).

Departures or variances from the guidelines range in the sentence must be based upon an "individualized assessment based on the particular facts of the case before it."

United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009).  This should be occasioned by the Court whether the departure is above, below or within the Guidelines range.  Additionally, the Court should consider the person before it as an individual as every case is a "unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." Koon v. United States, 518 U.S. 81, 113 (1996).  The Sentencing Guidelines are advisory only.  See United States v. Booker, 543 U.S. 220 (2005).  The Supreme Court in U.S. v. Gall, 128 S.Ct. 586, rejected mindless uniformity and explicitly recognized that a "deferential abuse-of-discretion standard could successfully balance the need to reduce unjustifiable disparities across the Nation and consider every convicted person as an individual." Id. at 598 n.8.  Moreover, simply by "correctly calculat[ing] and review[ing] the guideline range," a judge "necessarily [gives] significant weight and consideration to the need to avoid unwarranted disparities."  Id. at 599.  The Courts serve a critical function in the continued promulgation and modification of the Sentencing Guidelines.  In Rita v. United States, 127 S. Ct. 2456 (2007), Justice Breyer described the intended evolution of the Guidelines, saying that the Commission's work is "ongoing," that it "will" collect statements of reasons when district courts impose non-guideline sentences, that it "may" obtain advice from prosecutors, defenders, law enforcement groups, civil liberties associations, experts in penology, and others, and that it "can revise the Guidelines accordingly."  This ideal set forth by Justice Breyer can only be realized if district courts disagree with the guidelines when warranted by policy considerations, and communicate those disagreements to the Sentencing Commission though their sentencing decisions.

### 18 U.S.C. § 3553(a) and the Individualized Assessment of Mr. Hutton

Zachary Ryan Hutton was barely 20 years old when he began engaging in the activities that gave rise to the charges herein.  Mr. Hutton has substantial family support

2

and was raised by two involved parents, Dawn Stafford, his mother, and Jason Hutton, his father, who effectively co-parented him despite their separation and divorce when he was eleven years old.  Mr. Hutton grew up in Smyth County, Virginia.  Mr. Hutton graduated from Marion Senior High School in 2019 and attended a semester of college at Southwest Virginia Community College.  He has an older brother who lives in Smyth County and a step-sister who lives in North Carolina.  He maintains contact with his family members, other than his step-sister, and intends to reside in Smyth County with them when he is released.  Mr. Hutton admits that he has a chronic drug abuse problem that began when he was introduced to Marijuana as an early teenager.  This usage gradually increased over time and he began using Oxycodone early last year after he used some provided to him by a friend.  He became addicted very quickly and began using daily at a progressively greater amount.  In an effort to locate a supplier to support his habit, Mr. Hutton resorted to the use of social media.  This, unsurprisingly, led to his solicitation and involvement in trafficking the pills upon a promise from the supplier to support his habit.  It is critical to note that Mr. Hutton has never had any substance abuse treatment or counseling and would aver that his involvement in the underlying conspiracy was premised upon his need to support his intense and ever-growing addiction.

   Mr. Hutton's tender age and his involvement in these charges have prevented him from developing much of a work history.  He held a job at Bojangles in Marion for approximately six months until its closure in 2018 as his only employment of record.

   Mr. Hutton's criminal history reflects a criminal history computation of two qualifying points which would render him eligible for safety valve treatment under 18 U.S.C. § 3553(f).  He has been very forthcoming about his personal involvement in this matter with both law enforcement and the Government and has readily admitted his mistake by accepting responsibility, waiving indictment and pleading guilty to this charge

to the Information filed herein, thusly preventing the Government from incurring the costs and burden of a substantial portion of the criminal process including that of a trial. Mr. Hutton has been informed that the Government will be moving for a sentence reduction under Rule 5K1.1 as a result of his substantial assistance that resulted in the successful prosecution of at least four other individuals including a major Fentanyl supplier located on the West Coast. Mr. Hutton engaged with the Government at substantial risk of retaliation to himself and his family. He has received several death threats and the family car was vandalized during the pendency of this matter. Additionally, he has purged himself of any profit from the illegal activities by agreeing to a substantial forfeiture of $50,000.00, half of which he will have already paid by the date of the Sentencing Hearing. Mr. Hutton appears very capable of rehabilitation, to be no future threat to the public safety of society and would be a low recidivism risk. Mr. Hutton's guideline range is 78 months to 97 months based upon his criminal history and offense criteria. Mr. Hutton's youthful immaturity should additionally be considered by the Court in crafting an appropriate sentence. Numerous studies have discovered that the brain's prefrontal cortex, the part of the brain responsible for reasoning, judgment and controlling impulses, does not fully develop until age 25. Accordingly, he would respectfully request that the Court consider a sentence below the guideline range and would argue that the same would be an appropriate sentence of more than sufficient length to satisfy the factors set forth in 18 U.S.C. § 3553(a)(2).

      Mr. Hutton is a respectful, intelligent and capable young man who, unfortunately, appears to be a casualty of the Opioid epidemic. He would, without question, benefit from participation in the RDAP program within the Bureau of Prisons and would, respectfully, request the Court consider making a sentencing recommendation for his participation in the same. Finally, in as much as he maintains a relationship with his family members, he

would, respectfully, request that the Court make a recommendation that he be allowed to serve his sentence at an appropriate facility, taking into account Mr. Hutton's youth and security concerns, in as close a proximity to Smyth County as is possible with his preference being FCI Morgantown or FCI Beckley.

ZACHARY RYAN HUTTON
- BY COUNSEL -

**/s/**

**JEFFREY L. CAMPBELL**
**Virginia Bar Number: 45247**
**CAMPBELL CHAFIN, P.C.**
**239 Park Blvd.**
**Office Box 986**
**Marion, Virginia 24354**
**Telephone No.: (276) 783-8197**
**Facsimile No.: (276) 706-8490**
**E-mail: jeff@campbelllawfirmva.com**

## CERTIFICATE OF SERVICE

I, Jeffrey L. Campbell, Counsel for Defendant, Zachary Ryan Hutton, do hereby certify that I electronically filed the Defendant's Sentencing Memorandum with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the United States Attorney for the Western District of Virginia, by electronic mailing to USAVAW.ECFAbingdon@usdoj.gov and to all other counsel of record, on this the 15th day of September, 2022.

**/s/**

**JEFFREY L. CAMPBELL**
**Virginia Bar Number: 45247**
**CAMPBELL CHAFIN, P.C.**
**239 Park Blvd.**
**Post Office Box 986**
**Marion, Virginia 24354**
**Telephone No.: (276) 783-8197**
**Facsimile No.: (276) 706-8490**
**E-mail: jeff@campbelllawfirmva.com**